```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2023
```

MARIE S. COMPERE,

               Plaintiff,

- against -

MTGLQ INVESTORS LP, et al.,

               Defendants.

**23 Civ. 4669 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    This action was removed from the Supreme Court of the State of New York, Rockland County, to this Court on June 7, 2023. (Dkt. No. 2.) None of the Defendants has entered a notice of appearance. Consistent with the Court's Individual Practice Rule 2(B), Defendants mailed a letter to Plaintiff on June 13, 2023, notifying Plaintiff of Defendants' intention to file a motion to dismiss the complaint. (Dkt. No. 11.) Defendants have not received any response from Plaintiff.

    On September 14, 2023, the Court issued an order ("September 14 Order") directing the parties to submit a joint letter within ten (10) days regarding the status of the matter and contemplation of further proceedings. (Dkt. No. 15.) The Court noted that, in the event no timely response was submitted, the Court may dismiss the action for lack of prosecution. Defendants submitted their response on September

15, 2023, notifying the Court of their intention to proceed with the motion to dismiss the complaint, and informing the Court that Defendants had attempted to contact Plaintiff to discuss her claims and her intentions with respect to this action but had received no response. (Dkt. No. 17.)

On September 29, 2023, the Court issued an order ("September 29 Order") directing Plaintiff to show cause within five (5) days why the action should not be dismissed for lack of prosecution and for failure to comply with the Court's September 14 Order. (Dkt. No. 18.) The Court warned Plaintiff that in the event no timely response to the September 29 Order was submitted, the Court would dismiss the action for lack of prosecution. To date, Plaintiff has not responded to either the Court's September 14 Order or the Court's September 29 Order. Nor has Plaintiff responded to Defendants' repeated attempts to discuss Defendants' intention to file a motion to dismiss the complaint.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." Edwards v. Horn, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), report and recommendation adopted, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; see LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned

2

that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." Caussade v. United States, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate: whether (1) plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not prosecuted its case at all for more than four months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," but "[d]elays of several months" have been found

3

sufficient. Caussade, 293 F.R.D. at 629 (citation omitted) (collecting cases). Plaintiff was given notice in the Court's orders at Dkt. Nos. 15, 18, that failure to timely respond to the Court's orders would result in dismissal. Additionally, although there is no specific evidence on the record that delay will prejudice Defendants, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] [repeated] opportunit[ies] to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute . . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" Edwards, 2012 WL 1292672, at *2 (quoting Koch v. Rodenstock, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), report and recommendation adopted, 2010 WL 2010900 (S.D.N.Y. May 18, 2010)).

    Accordingly, it is hereby

    **ORDERED** that this action is **DISMISSED** for failure to prosecute and failure to comply with an order of the Court. The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated:    10 October 2023

New York, New York

_____
                                        Victor Marrero
                                           U.S.D.J.